IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTOINETTE REDMOND,                    )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )          Case No. 25-cv-2126-JWB-TJJ
                                       )
                                       )
DAIRY FARMER OF AMERICA,               )
                                       )
                    Defendant.         )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Second Motion for Leave to Amend Complaint (ECF No. 20) and Defendant's Motion to Amend the Amended Order Regarding Planning and Scheduling (ECF No. 25). Plaintiff seeks leave to amend her Complaint to clarify her claims and add factual contentions. As explained below, the Court grants Plaintiff's Second Motion for Leave to Amend. Defendant seeks to extend the parties' deadlines set forth in the Amended Order Regarding Planning and Scheduling. The Court also grants Defendant's motion to extend the deadlines in part.

## I.      Factual Background

The lawsuit arises out of Plaintiff's employment with Defendant Dairy Farmer of America. Plaintiff alleges she was discriminated against on the basis of race and disability, was subject to a hostile work environment, and was retaliated against for raising concerns about mistreatment on the basis of race. In response, Defendant filed a Motion to Dismiss (ECF No. 4), arguing Plaintiff failed to state a claim, and failed to exhaust her administrative remedies.

On July 14, 2025, Plaintiff filed her first Motion for Leave to Amend Complaint (ECF No. 10). Defendant filed a response in opposition to the first Motion for Leave on August 4, 2025 (ECF No. 19). Rather than file a reply brief, Plaintiff filed a second Motion for Leave to Amend Complaint (ECF No. 20) ("Motion to Amend), making the first Motion for Leave to Amend Complaint moot.[1] The second motion is now fully ripe and before the Court.

Plaintiff attaches her proposed Amended Complaint to the Motion to Amend.[2] Plaintiff's proposed Amended Complaint primarily seeks to add approximately thirty new paragraphs of factual contentions. The proposed Amended Complaint also clarifies Plaintiff's claims in Count I, to show it exclusively raises a claim of discrimination based on race, and is brought pursuant to Title VII of the Civil Rights Act (42 U.S.C. § 2000e). Plaintiff's proposed Amended Complaint does not raise any additional claims.

Defendant objects to the entry of the proposed Amended Complaint. Defendant argues the additional factual contentions or clarifications "do not remedy [Plaintiff's] failure to exhaust administrative remedies for Counts I–III. And, with respect to Count IV, Plaintiff continues reciting legal conclusions subject to immediate dismissal."[3]

## II.    Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do

---

[1] *See* Text Order, ECF No. 22.

[2] *See* ECF No. 20-1. Plaintiff titles this document "Second Amended Complaint." However, no <u>First</u> Amended Complaint has been filed in this matter. When Plaintiff refiles her Complaint, she must change the document title to reflect that it is the First Amended Complaint.

[3] Def.'s Memo in Opposition to Pl.'s Motion for Leave to File Second Amended Complaint, ECF No. 23, p. 1.

so within: (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[4]  Other amendments are allowed "only with the opposing party's written consent or the court's leave."[5]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[6]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[7]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[8]

If a proposed amendment would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend.[9]  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]  A complaint or

---

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[8] *Id*. (quoting *Foman*, 371 U.S. at 182).

[9] *Mochama v. Butler Cnty., KS,* No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citing *Fulton v. Advantage Sales & Mktg., LLC*, No.3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012)).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[11]   It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[12]   The party opposing the amendment has the burden of showing the proposed amendment is futile.[13]   Further, "[t]he Tenth Circuit has recognized that Rule 15 is intended to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[14]

Because Plaintiff is not entitled to amend as a matter of right at this point, and because Defendant opposes the requested amendment, leave of Court is required.  Reviewing Plaintiff's proposed Amended Complaint under the standards set out above, the Court finds that the proposed amendments are not futile and Plaintiff shall be allowed to file her Amended Complaint.

## III.    Analysis

### a.    Failure to Exhaust Administrative Remedies (Counts I–III)

Defendant argues Plaintiff's proposed Amended Complaint fails to show Plaintiff exhausted her administrative remedies as to Counts I–III.  Title VII contains "a charge filing provision that specifies with precision the prerequisite that a plaintiff must satisfy before filing

---

[11] *Twombly*, 550 U.S. at 555.

[12] *Id.* at 556.

[13] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[14] *Lynch v. Andersons Executive Servs., LLC*, No. 25-2148-KHV-BGS, 2025 WL 2336455, at *4 (D. Kan. Aug. 13, 2025) (quoting *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010)).

suit."[15]  The charge-filing requirement generally prohibits a plaintiff from bringing "a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter.  Failing to exhaust administrative remedies is an affirmative defense, not a jurisdictional bar to suit."[16]

The purpose of the charge-filing requirement is to provide notice of the alleged Title VII violation and provide the administrative agency with an opportunity to conciliate the claims.[17]  To advance these aims, a plaintiff's claim, after receiving their notice of right to sue from the EEOC, must generally be "limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."[18]  Courts must liberally construe the plaintiff's allegations in the EEOC charge, but the EEOC charge must at least contain the facts concerning the alleged discriminatory and retaliatory actions underlying each claim.[19] Ultimately, the question is whether "the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge]."[20]

Defendant argues that Plaintiff's proposed Amended Complaint fails to make this showing, stating that in her EEOC charge Plaintiff does not sufficiently allege she suffered an adverse

---

[15] *Mitchem v. Sleepcair, Inc.*, No. 20-2617-DDC-GEB, 2021 WL 4439406, at *8 (D. Kan. Sept. 28, 2021) (internal quotation marks omitted).

[16] *Id.* (internal citations and quotation marks omitted).

[17] *Smith v. Cheyenne Retirement Investors L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).

[18] *Id.*

[19] *Id.*

[20] *Id.* (quoting *Martin v. Nannie & Newborns, Inc.*, 3 F.3d 1410, 1416 n.7 (10th Cir. 1993) (internal quotation marks omitted) (alteration in original).

employment action on the basis of race.  Instead, Defendant argues the EEOC charge is focused

on Plaintiff's purported disability and claims she was terminated on the basis of her disability.

Ultimately, Defendant argues, because Plaintiff's EEOC charge does not allege that her

termination or any other adverse action was based on her race, the proposed Amended Complaint

exceeds the scope of the allegations contained in her EEOC charge, and she failed to exhaust her

administrative remedies.

In reviewing the EEOC charge, the Court notes Plaintiff states she is an African American

woman with a disability.  The EEOC charge states Plaintiff faced discrimination based on race,

disability, and gender.[21]  She further puts Defendant on notice of her claims by stating that "other

white employees are afforded an accommodation" and "other non-disabled, whi[t]e employees

have not suffered such discrimination while employed with" Defendant.[22]  Given the broad

construction to which Plaintiff's claims in her EEOC charge are entitled, and the fact that

Plaintiff's claims in the proposed Amended Complaint may be reasonably related to those

contained in the EEOC charge, Defendant has failed to meet its burden of proving that no set of

facts exist in support of Plaintiff's proposed claims which would entitle Plaintiff to relief.[23]  The

Court cannot conclude at this very early stage in the litigation that the proposed claims would be

subject to dismissal for failure to exhaust.  Further, failure to exhaust is the main basis for dismissal

argued in Defendant's pending Motion to Dismiss, and the Court finds such issues would be more

---

[21] Pl.'s Charge of Discrimination, ECF No. 24-1, p. 1.

[22] *Id.* at pp. 1 and 3.

[23] *See Dawson v. Home Depot*, No. 20-cv-2085-KHV, 2021 WL 3784377, at *3 (D. Kan. Aug. 26, 2021) (finding plaintiff's proposed amendment was not futile and sufficiently raised race discrimination as an issue in his EEOC charge when he included "Home Depot gave his white co-workers, but not plaintiff, the appropriate tool bag and supplies").

properly addressed on the merits in the context of a dispositive motion, rather than a Motion to Amend.  The Court therefore rejects Defendant's futility arguments with respect to Counts I–III.

     **b.**     **Failure to State a Claim (Counts IV)**

Defendant argues Plaintiff's proposed amendments to Count IV are futile because the amendments "still fail to provide factual detail indicating an allegedly discriminatory act was motivated by her disability."[24]  Throughout the proposed Amended Complaint, Plaintiff states Defendant "did not provide [Plaintiff] an accommodation due to her disability," "[t]erminated [her] due to her . . . disability" and "in order to abstain from accommodating her disability."[25]

A prima facie case for discrimination under the ADA requires that (1) the employee is a disabled person as defined by the ADA; (2) the employee is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) the employee suffered discrimination from an employer because of that disability.[26]  "In the context of stating a plausible claim for relief, plaintiff must put defendant on notice of [her] claims, not plead all of [her] evidence."[27]  Assuming as true Plaintiff's factual allegations, Plaintiff alleges that (1) she was diagnosed with anxiety, (2) she was qualified to perform her job duties as a Program Manager with reasonable accommodation, and (3) she was not provided an accommodation.[28]  Therefore, the Court finds Defendant failed to show no set of facts exist in support of Plaintiff's proposed claims

---

[24] Def.'s Memo in Opposition to Pl.'s Motion for Leave to File Second Amended Complaint, ECF No. 23, p. 6.

[25] Pl.'s Proposed Second Am. Compl., ECF No. 20-2, ¶¶ 35 and 45.

[26] *See EEOC v. Picture People, Inc.*, 684 F.3d 981, 985 (10th Cir. 2012).

[27] *Dawson*, 2021 WL 3784377, at *5 (citing Fed. R. Civ. P. 8(a)).

[28] Pl.'s Proposed Second Am. Compl., ECF No. 20-2, ¶¶ 17, 21, and 28.g.

which would entitle Plaintiff to relief, and amendment would not be futile with respect to Count IV. The Court again notes Defendant's motion to dismiss contains nearly identical arguments as those presented in opposition to the motion to amend with regard to Count IV. Such determination is better made in the context of a dispositive motion in front of the District Judge.

Finding that Plaintiff's proposed amendments to Counts I through IV would not be futile, the Court grants Plaintiff's Second Motion for Leave to Amend Complaint.

## IV.    Defendant's Motion to Amend the Amended Order Regarding Planning and Scheduling (ECF No. 25)

Defendant has also filed a Motion to Amend the Amended Order Regarding Planning and Scheduling seeking to extend the deadlines set forth in the Amended Order Regarding Planning and Scheduling. Defendant requests the Court extend the deadlines sixty (60) days to allow the resolution of "the ambiguity still surrounding the scope of the claims pending the resolution of Defendant's Motion to Dismiss and/or Plaintiff's Motion for Leave to File Second Amended Complaint, which will impact disclosures and future scheduling deadlines . . . ."[29] Defendant's motion does not state whether it is opposed by Plaintiff.

The parties' current deadline to confer pursuant to Fed. R. Civ. P. 26(f) is September 30, 2025, and their deadline to submit a proposed scheduling order and Rule 26(a)(1) disclosures is October 7, 2025. The Scheduling Conference in this matter is scheduled for October 14, 2025. Given that the Court has resolved the Motion for Leave to File Second Amended Complaint above, the Court finds it should proceed with the Scheduling Conference expeditiously but will extend

---

[29] Def.'s Mot. to Amend the Amended Order re Planning and Scheduling, ECF No. 25, p. 2.

the parties' deadlines set forth in the Amended Order Regarding Planning and Scheduling to allow them to adequately confer.  The new deadlines are as follows:

- The parties must confer as required by Fed. R. Civ. P. 26(f) by **October 10, 2025**.

- The parties must submit (1) a redlined version of the proposed scheduling order that shows all changes to the court's form proposed scheduling order, and (2) a clean version of the proposed scheduling order by **October 17, 2025**.

- The parties must serve their Rule 26(a)(1)(A) initial disclosures by **October 17, 2025**.

- The Court will conduct a Scheduling Conference on **October 24, 2025, at 10:00 AM**.  The conference will be held by telephone.  Counsel and those who will participate must dial 1-855-244-8681 and enter access code 2311 284 1047 to join the conference.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Second Motion for Leave to Amend Complaint (ECF No. 20) is GRANTED.  Plaintiff must file her Amended Complaint within three (3) days of this Order.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Amend the Amended Order Regarding Planning and Scheduling (ECF No. 25) is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated September 29, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

9