**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ANTOINETTE REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-CV-02126-JWB-TJJ |
| | ) | |
| DAIRY FARMER OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION**
**FOR PARTIAL DISMISSAL OF AMENDED COMPLAINT**

Plaintiff's opposition to Defendant's Motion for Partial Dismissal of the Amended Complaint does not adequately address, let alone refute, the legal arguments set forth in Defendant's Motion. Instead, Plaintiff's opposition contains legal conclusions supported by authority that either does not exist or is inaccurately recited. Despite Plaintiff's assertions that she has adequately exhausted her administrative remedies, no reasonable reader of her Charge could conclude Plaintiff asserted claims of race discrimination, racially hostile work environment, or Title VII retaliation. Accordingly, Defendant Dairy Farmers of America, Inc. ("DFA") respectfully requests the Court grant its Motion for Partial Dismissal based on Plaintiff's failure to exhaust administrative remedies.

I.     **PLAINTIFF'S TITLE VII RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6).**

As an initial matter, Plaintiff concludes she has exhausted all administrative remedies because "[t]his Court has already rejected Defendants [*sic*] argument in its September 29, 2025 Order (Doc. 26)."[1] Plaintiff also asks the Court to "take judicial notice of its finding that Plaintiffs

---

[1] *See* Doc. 45 at p. 3.

(*sic*) claims in her Complaint are reasonably related to those contained in the EEOC charge."[2] However, not only do Plaintiff's statements misrepresent Magistrate Judge James's September 29, 2025 Order, Defendant further notes the Order was issued in a different procedural context. Specifically, the Order related to Plaintiff's Motion for Leave to Amend her Complaint under Rule 15. Moreover, the Order noted, "failure to exhaust is the main basis for dismissal argued in Defendant's pending Motion to Dismiss, and the Court finds such issues would be more properly addressed on the merits in the context of a dispositive motion, rather than a Motion to Amend."[3] Accordingly, Defendant proceeded with the instant (dispositive) Motion.

### A.    Plaintiff Failed to Exhaust a Race Discrimination Claim Under Title VII.

To support her contention she exhausted her administrative remedies with respect to her race discrimination claim, Plaintiff alleges that her statement in the Particulars section of her Charge that "other white employees are given accommodations," should have put Defendant (and presumably the EEOC) on notice that she was "not given an accommodation due to her black African American skin color."[4] Plaintiff cites to *Jones v. Needham*, to argue she should not have to mention "specific wording" in her Charge of Discrimination.[5] But, in *Jones*, the plaintiff addressed sexual harassment in his Charge of Discrimination, and the defendant moved to dismiss his *quid pro quo* sexual harassment claim, arguing the plaintiff did not exhaust that specific claim.[6]

---

[2] *Id.*

[3] Doc. 26, at pages 6-7.

[4] *See* Doc. 45 at 4.

[5] *See* Doc. 45 at pages 3-4 (citing to *Jones v. Needham*, 856 F. 3d 1284 (10th Cir. 2017)).

[6] *Jones v. Needham*, 856 F. 3d 1284, 1288 (10th Cir. 2017).

On appeal, the Tenth Circuit held the plaintiff was not required to mention "quid pro quo harassment" to exhaust that claim, as his charge alleged sexual harassment.[7]

*Jones* is inapplicable here. Defendant is not moving to dismiss Plaintiff's race discrimination claim because she failed to use specific, nuanced verbiage in her Charge of Discrimination. On the contrary, Plaintiff *did* use specific wording in her Charge: she attached a two-page, single-spaced narrative focused on her purported disability, and specifically alleged she was "terminated due to having a **disability**," with no allegation her termination of employment occurred because of her race. (Emphasis added). Accordingly, at a minimum, all race claims related to Plaintiff's discharge were not exhausted and must be dismissed under Fed. R. Civ. P. 12(b)(6).[8]

### B.    Plaintiff Failed to Exhaust a Hostile Work Environment Claim under Title VII.

Plaintiff next argues she has sufficiently exhausted her racially hostile work environment claim because she checked the "race" box and she "includes much more reasonably related context in her charge."[9] Specifically, she alleges she was "misled," "misinformed," and "caused to have a panic attack."[10] Not only do Plaintiff's allegations fail to rise to the level required to constitute severe or pervasive harassment, Plaintiff has not alleged any connection between the purported hostile work environment and her race. Her failure to allege any such connection in her Charge equates to her failure to exhaust this claim.[11]

---

[7] *Id.* at 1291-92.

[8] To the extent Plaintiff is arguing DFA failed to accommodate her disability, Plaintiff can pursue that claim under the ADA.

[9] *See* Doc. 45 at page 5.

[10] *Id.* at pages 5-6.

[11] *Allen v. Magic Media, Inc.*, No. 09-4139-SAC, 2010 WL 4739748, at *9 (D. Kan. Nov. 16, 2010) (dismissing a hostile work environment claim for failure to exhaust and stating, "Although a plaintiff need not spell out each of those elements in an EEOC charge, plaintiff must say something in the charge to put

Plaintiff also argues because the narrative of her Charge mentions the words "hostile work environment," Defendant's motion is "baseless and should be denied."[12] To support this conclusion, and much of the argument in her hostile work environment section, Plaintiff cites to a purported District of Kansas case called *Smith v. Cheyenne Cnty. Hosp.*, 452 F. Supp. 3d 1179, 1194 (D. Kan. 2020). However, this decision appears not to exist.[13]

Instead, it remains that Plaintiff's Charge includes no indication she experienced severe or pervasive harassment or that any alleged harassment was based on her race. Plaintiff has failed to exhaust her administrative remedies regarding her racially hostile work environment claim, and it must therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

### C.    Plaintiff Failed to Exhaust a Retaliation Claim under Title VII.

Plaintiff contends that a retaliation claim is exhausted when the Charge includes facts showing an employee engaged in protected activity and the employer took adverse action afterward.[14] She then argues that she has exhausted her Title VII retaliation claim because her Charge referenced adverse actions that occurred after she "complained" (despite that her Charge

---

defendant on notice that she believes she has been the victim of a hostile work environment based on age, sex, or another protected class.").

[12] *Id.* at page 5.

[13] To research this case, Defendant specifically searched the case by name on Westlaw, Lexis, and Bloomberg and did not identify a case in the District of Kansas with the corresponding name. Defendant also searched the case by citation. The case citation of "452 F. Supp. 3d. 1179" appears in the middle of a case named *SFF-TIR, LLC v. Stephenson*, 452 F. Supp. 3d. 1058, 1179 (Okla. 2020). Defendant also called a District of Kansas clerk who confirmed he could not locate a case in the District of Kansas under the same name. Finally, Defendant contacted the Social Law Library where a reference librarian checked the printed federal supplement and confirmed they could not locate the case based on the citation.

Notably, Plaintiff also misattributes quotes or holdings to multiple other cases cited in her brief. For example, Plaintiff alleges *Smith v. Cheyenne Ret. Inv'rs, L.P.,* 904 F.3d 1159, 1164 (10th Cir. 2018) includes the quoted language that a charge "need not contain precisely the same words" and "technicalities are not to be read into EEOC filings." This quoted language cannot be found within the opinion.

[14] *See* Doc. 45, at pages 7-8.

4

does not contain any mention of complaints).[15] However, the case cited by Plaintiff, *Martinez v. Potter*, does not include any language similar to such a statement, and appears to be an incorrect citation.[16] Further, Defendant is not aware of any Tenth Circuit case holding a plaintiff can adequately exhaust a Title VII retaliation claim merely by asserting an adverse action occurred at any point after the plaintiff made a complaint of any kind and without establishing a causal link between the two events.

Plaintiff's argument further fails because she clarifies the alleged protected activity in her Charge is that she "contacted HR and appealed the [accommodation] decision[.]"[17] However, Plaintiff's claim of retaliation is brought under Title VII, and her Charge of Discrimination does not include any allegations that she complained to DFA about unfair treatment due to her race or otherwise engaged in activity protected under Title VII. Nor does it assert her discharge was retaliatory. Plaintiff has failed to exhaust a retaliation claim under Title VII, and her claim must be dismissed under Fed. R. Civ. P. 12(b)(6).

## II.    CONCLUSION.

For the foregoing reasons, and those set forth in Defendant's opening memorandum, Plaintiff's Amended Complaint should be partially dismissed for failure to exhaust administrative remedies with respect to Count I (Race Discrimination), Count II (Hostile Work Environment Harassment), and Count III (Title VII Retaliation).

---

[15] *Id.*

[16] 347 F.3d 1208, 1210–11 (10th Cir. 2003).

[17] *Id.* at p. 8.

WHEREFORE, Defendant respectfully asks the Court to partially dismiss, with prejudice, Counts I-III of Plaintiff's Amended Complaint and grant any other relief the Court deems necessary and just under the circumstances.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Madeline Nebel
Patrick F. Hulla        KS #16230
Madeline Nebel        D. Kan. #79152
700 W. 47th St., Suite 500
Kansas City, MO  64112
816-471-1301
816-471-1303 (Facsimile)
Patrick.Hulla@ogletree.com
Madeline.Nebel@ogletree.com

Mallory S. Zoia        D. Kan. #79018
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
314-802-3935
314-802-3936 (Facsimile)
Mallory.Zoia@ogletree.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 11th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent notification of such filing to the following:

D'Vante Lewis        KS #30519
200 W 5th St., Ste 106
Kansas City, MO 64105
816-217-2369
816-234-1040
Lewisdvante@gmail.com

**ATTORNEY FOR PLAINTIFF**

/s/ Madeline Nebel
**ATTORNEY FOR DEFENDANT**

6