IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTOINETTE REDMOND,

          Plaintiff,

v.                                                                          Case No.  25-CV-2126-JWB

DAIRY FARMERS OF AMERICA,

          Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for partial dismissal of the amended complaint.  (Doc. 30.)  The motion is fully briefed and ripe for decision.  (Docs. 31, 45, 49.)  The motion is GRANTED for the reasons stated herein.

## I.    Facts

The following facts are taken from Plaintiff's amended complaint.  (Doc. 28.)  The court assumes their truth for the purposes of this motion.  Plaintiff Antoinette Redmond ("Plaintiff" or "Ms. Redmond") is an African American resident of Kansas City, Missouri.  (*Id.* at 1, 3.)  Defendant Dairy Farmers of America ("Defendant" or "DFA") is a Kansas business with over 18,000 employees.  (*Id.* at 1-2.)  Plaintiff was formerly an employee of DFA, beginning in April 2023.  (*Id.* at 3.)

Plaintiff asserts she is a disabled as she is diagnosed with anxiety.  (*Id.*)  This "substantially limits her ability to perform daily life activities."  (*Id.*)  Plaintiff's anxiety limits her "standing, breathing, sleeping, focusing, and speaking" as well as limiting her "socially" and "mentally." (*Id.*)

1

One year after her employment began, Plaintiff "requested reasonable accommodation" from her employer by providing "Defendant FMLA and the requested documentation and doctors notes supporting the need for accommodation." (*Id.* at 4.)  Plaintiff sought accommodations like "Working from home", "Breaks", and "Office windows." (*Id.*)  After submitting this request, Plaintiff was "subjected to discrimination." (*Id.*)  She was subjected to discrimination again "after she complained of illegal employment practice." (*Id.*)  Plaintiff alleges that she was "denied her equal employment opportunity" because she was denied an accommodation, but other similarly situated white and non-disabled employees were offered accommodations. (*Id.* at 5.)  She asserts that her denial was because of her skin color and disability. (*Id.* 5-6.)

Plaintiff's employment was terminated on September 27, 2024. (*Id.* at 6.)  She alleges that during her employment she was subjected to various forms of harassment including but not limited to being required to submit redundant and/or unnecessary paperwork for time off, disability, and accommodations, being called excessively during her shifts, "nitpick[ing]" her work, and failing to help Plaintiff with work tasks. (*Id.* at 6-7.)  These acts of harassment harmed Plaintiff by causing "worsen[ed]" anxiety, termination, "extreme emotional, physical, and economical hardship by loss of income and future lost wages", and interference with Plaintiff's job performance. (*Id.* at 7.)  Plaintiff asserts she made several complaints as a result of these acts of harassment. (*Id.*)

For her troubles, Plaintiff raises four counts against Defendant: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) creation of a hostile work environment in violation of Title VII;  (3) retaliation in violation of "42 U.S.C. § 2000E-3"; and (4) disparate treatment under the Americans with Disabilities Act ("ADA"). (*Id.* at 8-13.)  As compensation, Plaintiff seeks (1) a declaratory judgment indicating that DFA violated her rights; (2) a permanent injunction ordering DFA to stop discriminating against individuals on the basis of disabilities; (3)

back wages and "all appropriate compensatory damages"; (4) punitive damages; and (5) attorney's fees. (*Id.* at 14.)

Defendants answered the amended complaint (Doc. 32), and filed the instant motion for partial dismissal of the amended complaint. (Doc. 30.) The court considers the parties' arguments below.

## II.    Standard

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.    Analysis

Defendant moves to dismiss three of Plaintiff's four counts on the grounds that she failed to exhaust her claims with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 31 at 1.) The court agrees and therefore grants Defendant's motion for the reasons explained below.

The claims that Defendant seeks to have dismissed fall under Title VII of the Civil Rights Act of 1964. (Doc. 28 at 8-12.) Prior to filing an action under Title VII, Plaintiff must administratively exhaust her claims with the EEOC. *Semsroth v. City of Wichita*, 304 F. App'x 707, 712 (10th Cir. 2008). The Tenth Circuit has said "[i]t is now well established that 'each discrete [discriminatory] action constitutes its own unlawful practice for which administrative remedies must be exhausted.'" *Id.* at 718 (quoting *Annett v. Univ. of Kansas*, 371 F.3d 1233, 1238

(10th Cir. 2004) (second modification in original)).  The lawsuit may contain "allegations of discrimination reasonably related to the allegations listed in the administrative charge, including new acts occurring during the pendency of the administrative charge." *Arambaru v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997) (citing *Brown v. Hartshorne Pub. School Dist. #1*, 864 F.2d 680, 682 (10th Cir. 1988)).  "A claim is considered 'reasonably related' when 'the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made.'" *Edwards v. Creoks Mental Health Serv., Inc.*, 505 F. Supp. 2d 1080, 1092 (N.D. Okla. 2007) (quoting *Deravin v. Kerik*, 335 F.3d 195, 200-01 (2d Cir. 2003)) (modifications in original).

Principally here, Defendant claims that Plaintiff failed to present sufficient factual allegations within the body of her EEOC charge that indicate she was raising claims of racial discrimination, a hostile work environment, or retaliation. (Doc. 31 at 4.)  According to Defendant, while her charge does check the boxes indicating discrimination based on "race, disability, retaliation, and gender" she provides "no facts in which an investigation of race discrimination, hostile work environment, or retaliation could develop." (*Id.*)  Plaintiff first responds to this argument by claiming that the court has already rejected it. (Doc. 45 in 3.)  In so doing, Plaintiff refers, quite misleadingly, to an order entered by Magistrate Judge Teresa James granting Plaintiff's motion to amend. (Doc. 26.)  In that order, the Magistrate Judge declined to deny Plaintiff's motion to amend based on Defendant's exhaustion arguments. (*Id.* at 4-7.)  But in the magistrate judge's discussion she explicitly said "[f]urther, failure to exhaust is the main basis for dismissal argued in Defendant's pending Motion to Dismiss, and the Court finds such issues would be more properly addressed on the merits in the context of a dispositive motion, rather than a Motion to Amend." (*Id.* at 6-7.)  Plaintiff neglected to mention this caveat to the court.  Plaintiff

4

then goes on to oppose Defendant's motion on its merits.  The court addresses the arguments regarding each claim below.

### A.    Racial Discrimination

In her charge of discrimination filed with the EEOC[1], as noted above, Plaintiff checks the "race" discrimination box.  (Doc. 31-2 at 1.)  Additionally, in the "Particulars" section of the charge, before referring a reader to her attached narrative, Plaintiff asserts "she is an African American woman with a disability."  (*Id.*)  She then says, "other white employees are afforded accommodation."  (*Id.*)  But in her attached narrative, she makes not a single mention of race until the very last sentence where she explains "[o]ther non-disabled, while [sic] employees have not suffered such discrimination while employed at Diary [sic] Farmers of America."  (*Id.* at 3.)

This is simply insufficient to exhaust a claim for racial discrimination.  Even given the "liberal" construction that is afforded to EEOC charges, Plaintiff's charge does not identify a single fact that indicates racial discrimination.  *Smith v. Cheyenne Ret. Invs., L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).  All Plaintiff's charge contains is a fact about her race, a conclusory allegation that "other white employees are afforded accommodation", and a similar conclusory statement at the end of her narrative.  (Doc. 31-2 at 1-3.)  These are not "facts concerning the discriminatory and retaliatory actions underlying each claim."  *Smith*, 904 F.3d at 1164 (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (internal quotation marks omitted)).  What matters is whether what is alleged in the charge is "reasonably related" to what is alleged in the complaint; allegations are reasonably related "when the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that

---

[1] The court can consider Plaintiff's charge of discrimination at this stage.  *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) ("We have recognized however, that a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute.").

was made." *Creeks Mental Health Serv.*, 505 F. Supp. 2d at 1092 (quoting *Deravin*, 335 F.3d at 200-01 (internal quotation marks omitted) (modification in original)).

Plaintiff resists this analysis by citing a Tenth Circuit case, *Jones v. Needham*, 856 F.3d 1284, 1290-91 (10th Cir. 2017), for the proposition that "when the facts in the charge would prompt an investigation into that type of discrimination" the claim is exhausted "even if the charge lacks specific wording." (Doc. 45 at 4.)  With this the court does not quarrel, and even under this standard, Plaintiff loses.  As explained above, there are virtually no facts alleged in the charge that suggest racial discrimination.   Merely stating that other white employees are afforded accommodations is conclusory and lacks the factual detail required to prompt an investigation, let alone guide one.  (Doc. 31-2 at 1.)

The investigation that would grow out of the *facts* alleged in the charge of discrimination would be entirely related to disability discrimination, not race.  Therefore, Plaintiff failed to exhaust her racial discrimination claim and count I must be dismissed.

### B.    Hostile Work Environment

Defendant makes a similar argument regarding Plaintiff's hostile work environment claim. (Doc. 31 at 6-7.)  First, Defendant notes that it is construing Plaintiff's hostile work environment claim as one based on race.  (*Id.* at 6, n. 2.)  Plaintiff does not dispute this notion.  *See* (Doc. 45 4-6.)  The court therefore agrees that Plaintiff's claim in the amended complaint regarding a hostile work environment is based on race.  (*Id.*)  Regarding race, the same analysis as in the preceding section applies.  Plaintiff barely mentions race in her charge and does not allege any facts that would put Defendant on notice of her claims.  (Doc. 31-2 at 1-3.)

But even if the court broadened the scope of its inquiry to just "hostile work environments" in general, that would fail the exhaustion requirements as well.  Plaintiff's charge alleges zero facts

6

that she ties to a hostile work environment.  In her narrative, she says "[s]he provided the information from her therapist with evidence and diagnoses to support her claims of anxiety and depression causes [sic] from the hostile work environment." (Doc. 31-2 at 2.)  Near the end of her narrative, Plaintiff also states, "[t]his employer interfered with Antoinnette['s] disability and created a hostile working environment." (*Id.* at 3.)  But other than these two statements, nothing in Plaintiff's single-spaced, two-page charge of discrimination explains how the process of filling out disability and FMLA forms and attending appointments constitutes a hostile work environment.

In her response to Defendant's motion to dismiss, Plaintiff simply refers to the charge's allegations related to her process of completing disability paperwork and attending medical appointments and asserts that this puts DFA on notice of a hostile work environment claim. (Doc. 45 at 5-6.)  Not so.  Despite Plaintiff's protest, her charge is far from "clear." (*Id.* at 6.)  For this reason, Plaintiff has failed to exhaust her hostile work environment claim and count II must be dismissed.[2]

### C.    Retaliation

Lastly, Defendant moves to dismiss Plaintiff's retaliation claim, again for failure to exhaust.  In her complaint, Plaintiff asserts she was retaliated against after she complained that white employees were receiving accommodations, but she was not. (Doc. 28 at 7-8.)  There is nary a mention of facts even slightly alluding to this alleged retaliation in Plaintiff's charge of

---

[2] Additionally, Defendant points out to the court that in Plaintiff's response to Defendant's motion, Plaintiff's counsel cited a case called *Smith v. Cheyenne Cnty. Hosp.*, 452 F. Supp. 3d 1179, 1194 (D. Kan. 2020).  Defendant (despite remarkable efforts, *see* (Doc. 49 at 4, n. 13)), could not find this case.  Neither could the court.  Given that Defendant points to other examples of Plaintiff quoting or citing cases that do not contain such quotes or propositions, the court strongly suspects that these errors are attributable to the careless use of generative artificial intelligence ("AI").  Plaintiff's counsel is warned that further errors like these will lead to sanctions under Rule 11 and the court's recent standing order on the use of AI.  *See* D. Kan. Standing Order 26-01; Fed. R. Civ. P. 11.

discrimination.  *See* (Doc. 31-2 at 1-3.)  Plaintiff's charge makes no reference to making complaints.  (*Id.*)  While Plaintiff does check the retaliation box on the front page of her charge, this is insufficient.  (*Id.* at 1.)  Charges must contain *facts* reasonably related to the allegations in the complaint.  *See Smith*, 904 F.3d at 1164 (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (internal quotation marks omitted)).

Plaintiff's argument that all a charge must contain is claims of "protected activity" followed by an alleged adverse employment action is unsupported by the cited case.  (Doc. 45 at 7.)  Moreover, Plaintiff's charge does not mention any complaint made to DFA, which is the "protected activity" serving as the foundation of her retaliation claim.  *See* (Doc. 28 at 7-8.)

The reason for the exhaustion rule is very straightforward and well-illustrated by this case.  The exhaustion requirement is not a meaningless procedural hurdle that a plaintiff must clear before bringing suit.  Rather, the exhaustion requirement, and by extension, the setup of the EEOC, reflects a congressional desire to afford employers notice before being subjected to suit while also affording the parties an opportunity to administratively resolve claims before whipping open the courthouse doors.  *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1); *see also Smith*, 904 F.3d at 1164 (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994), *abrogated on other grounds by Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003)).  Permitting plaintiffs to simply check a box for each kind of discrimination, provide a narrative, and then waltz into federal court asserting claims unrelated to that narrative would flout the statutory scheme.  This court is not in such a habit.  Plaintiff's retaliation claim has not been exhausted and therefore count III must be dismissed.

IV.   **Conclusion**

As Defendant moved, the court grants the motion to dismiss with prejudice because Plaintiff's claims relate to actions that occurred more than 300 days ago,[3] which means any refiling of an EEOC charge would be fruitless. *See Liggins v. G.A. & F.C. Wagman, Inc.*, No. 18-CV-72, 2019 WL 4039637, at *3 (W.D. Va. Aug. 27, 2019) ("However, if the plaintiff cannot exhaust his administrative remedies—for example, if he is time-barred from filing an EEOC charge—dismissal without prejudice would be futile, and the court may dismiss the claim with prejudice.") (comparing *Lebron-Rios v. United States Marshal Serv.*, 341 F.3d 7, 14-15 (1st Cir. 2003) and *Robinette v. Union Hosp.*, No. 17-3471, 2018 WL 2106403, at *2 (6th Cir. Mar. 22, 2018) with *Williams v. West*, 135 F.3d 128 (5th Cir. 1998)).

For the foregoing reasons, Defendant's motion for partial dismissal of the amended complaint is GRANTED with prejudice. (Doc. 30.)

IT IS SO ORDERED. Dated this 14th day of April, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's termination was on September 27, 2024 (Doc. 28 at 8.), which is over 500 days ago. All relevant conduct in this case occurred prior to her termination.